UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| ALVIN D. HARVEY, <br><br> Plaintiff, <br><br> vs. <br><br> TIMOTHY A. BEIERMANN, DOMINO'S PIZZA LLC, and RYDER TRUCK RENTAL, <br><br> Defendants. | Case No. ~~XXXXXX~~ 3:18-CV-2153 <br><br> **Removed from the Circuit Court of Madison County, State of Illinois** <br> **Case No. 2018L 001479** |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Domino's Pizza LLC, Timothy A. Beiermann, and Ryder Truck Rental (collectively, "Defendants"), by and through counsel, hereby remove this action to the United States District Court for the Southern District of Illinois. In support, Defendants state as follows:

### The Underlying State Court Action

1. A civil action (hereinafter, the "State Court Action") has been brought and is now pending in the Circuit Court of Madison County, Illinois, entitled *Alvin D. Harvey v. Timothy A. Beiermann, Domino's Pizza LLC, & Ryder Truck Rental, 2018L 001479*.

2. In his Complaint, Plaintiff alleges causes of action for negligence against Defendants. Plaintiff claims that the occurrence which is the subject matter of this litigation occurred on or about November 2, 2016.

3. All records and proceedings from the State Court Action are annexed hereto collectively as Exhibit A.

**Complete Diversity Exists**

1. Plaintiff states that he resides in the State of Illinois. Ex. A, Petition, at Count I ¶ 1; Count III ¶ 1. Upon information and belief, Plaintiff is domiciled in the State of Illinois.

2. Defendant Domino's Pizza LLC is not an Illinois company. Defendant Domino's Pizza LLC is a Michigan limited liability company with its principal place of business in Ann Arbor, Michigan.

3. Defendant Ryder Truck Rental is not an Illinois company. Defendant Ryder Truck Rental is a Florida corporation with its principal place of business in Miami, Florida.

4. Defendant Timothy A. Beiermann is domiciled in the State of Missouri. Ex. A, Petition, at Count I ¶ 2.

5. As a result, there is complete diversity between all properly joined and served parties.

**The Jurisdictional Amount in Controversy is Satisfied**

6. Plaintiff seeks as damages for "serious and permanent injuries" requiring "extensive medical treatment;" "large sums of money securing medical treatment for his injuries" in the future; and alleges that he has lost "large sums of money that he might have otherwise gained from the pursuit of his usual occupation." Ex. A, Complaint, at Count I, ¶¶ 11-14 and Count III ¶¶ 10-12.

7. Plaintiff claims an unspecified amount exceeding $50,000 in damages, exclusive of interest and costs. Ex. A, Complaint.

8. Plaintiff's medical costs, based on records provided to date, total over $30,000.

9. Plaintiff has not provided information on his lost wages or other damages alleged to stem from the loss of his ability to pursue his usual occupation. The 2016 median household

income in Wood River, Illinois, Plaintiff's place of residence, was $41,143.[1] Assuming Plaintiff is seeking lost income from November 2, 2016 through the present, his damages relating to lost income likely total around $80,000 to date, an amount not inclusive of damages for future lost income.

10. Property damage to the rental car Plaintiff was operating at the time of the occurrence totaled $787.47.

11. A removing party only need establish the amount in controversy by a good faith estimate that is "plausible and adequately supported by the evidence." *Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017). A plaintiff cannot escape federal removal merely by asserting nebulous damages. *See, e.g., Walton v. Bayer Corp.*, 643 F.3d 994, 998 (7th Cir. 2011); *In Re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Prod. Liab. Litig.*, 870 F. Supp. 2d 587, 596 (S.D. Ill. 2012).

12. While Plaintiff's Complaint alleges only damages exceeding $50,000, the litany of injuries he claims to have sustained, which will allegedly require ongoing treatment, coupled with Plaintiff's claim that his injuries have interfered with his ability to earn money through gainful employment, demonstrate that the amount in controversy clearly exceeds the jurisdictional minimum of $75,000.

13. Accordingly, the amount in controversy exceeds the sum or value of $75,000.

---

[1] *See* United States Census Bureau, *QuickFacts: Wood River city, Illinois*, https://www.census.gov/quickfacts/woodrivercityillinois.

**This Notice is Procedurally Proper**

14. This Notice of Removal is timely under 28 U.S.C. § 1446(b)(1) in that it is filed within 30 days after receipt by Defendant Domino's Pizza LLC of the summons and the Petition. *See* Ex. B.

15. Pursuant to 28 U.S.C. § 1446(d), a true and complete copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Madison County, Illinois.

WHEREFORE, Defendants hereby remove this action to this Court, respectfully request that this Court exercise subject matter jurisdiction over this matter, and grant such other relief as the Court deems just and proper.

ARMSTRONG TEASDALE LLP

BY: /s/ *Donald M. Flack*
Donald M. Flack, Bar No. 06257897
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
314.621.5070
314.621.5065 (facsimile)
dflack@armstrongteasdale.com

ATTORNEYS FOR DEFENDANTS
TIMOTHY A. BEIERMANN, DOMINO'S
PIZZA LLC, AND RYDER TRUCK RENTAL

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2018, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system and mailed via U.S. Mail postage pre-paid upon the following:

Edward W. Unsell
Fred Patrick Schuman
Joshua R. Evans
The Unsell Law Firm, P.C.
69 South 9th Street
East Alton, IL 62024
(618) 259-3728
(618) 259-3783 (facsimile)
office@unselllaw.com

ATTORNEYS FOR PLAINTIFF

/s/  Donald M. Flack